# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CHARLES CAULEY, | : |
| Plaintiff, | : |
| VS. | : |
| | : 5: 10-CV-125 (MTT) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on March 29, 2010, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

*Administrative Proceedings*

The Plaintiff filed an application for disability insurance benefits on November 29, 2006, and filed an application for Supplemental Security Income benefits on December 7, 2006. (Tr. 14). His claims were denied initially and upon reconsideration. (Tr. 52-55). A hearing was held before an Administrative Law Judge ("ALJ") in Macon, Georgia on November 19, 2008. (Tr. 14). Thereafter, in a hearing decision dated January 28, 2009, the ALJ determined that the Plaintiff was not disabled. (Tr. 14-22). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (Tr. 1-4).

*Statement of Facts and Evidence*

Plaintiff was fifty (50) years of age at the time of the hearing before the ALJ, and alleged disability since December 4, 2006, primarily due to panic attacks, anxiety, dizzy spells, and a bulging disc in his back. (Tr. 26, 28, 33-34). Plaintiff has earned his G.E.D., and has past relevant work experience as a Yard Worker, a Garment Sorter, a Painter, and a Construction Laborer. (Tr. 28, 20).

As determined by the ALJ, Plaintiff suffers from the following severe impairments: "bipolar syndrome; anxiety disorder; polysubstance abuse with alcohol and cocaine; degenerative disc disease; and hepatitis C". (Tr. 16). The ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and Plaintiff remained capable of performing a range of light work activity. (Tr. 18). The ALJ found that Plaintiff could

> perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) and he can lift or carry 15 pounds occasionally and 10 pounds frequently; occasionally use foot controls, climb, balance, kneel, stoop, crouch or crawl; should not work on ladders, ropes, scaffolds or at unprotected heights; perform simple work with no interaction with the general public or close teamwork with co-workers; and needs an unscheduled break of 15 minutes an average of once a day.

(*Id.*). Although Plaintiff could not return to his past relevant work, the ALJ considered the Plaintiff's age, education, work experience, and residual functional capacity, and applied the Medical-Vocational Guidelines to determine that the Plaintiff remained capable of performing other jobs that existed in significant numbers in the national economy, and thus, was not disabled. (Tr. 20-21).

## DISCUSSION

Plaintiff alleges that the ALJ failed to properly consider the entire record when assessing Plaintiff's credibility, and failed to consider two responses during the Vocational Expert's testimony. (Doc. 11).

### *Plaintiff's Credibility*

Plaintiff alleges that the ALJ erred when he failed to properly consider the entire record when assessing the Plaintiff's credibility. (Doc. 11). Specifically, Plaintiff contends that the

3

record indicates Plaintiff requires multiple unscheduled breaks per day, not the one break determined by the ALJ. The Commissioner contends that the ALJ's decision regarding Plaintiff's credibility was supported by substantial evidence found in the record, and thus, was not an error. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of the symptoms. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

An individual's statement concerning an alleged symptom is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity, persistence, and limiting effect of the symptoms must be considered, using Plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [Plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If Plaintiff's testimony of his symptoms can be reasonably accepted as consistent with the medical evidence, then Plaintiff will be deemed disabled. If the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

Herein, after discussing in detail the Plaintiff's testimony and subjective complaints, the ALJ determined that:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the

> claimant's statements concerning the intensity, persistence and
> limiting effects of these symptoms are not credible to the extent they
> are inconsistent with the above residual functional capacity
> assessment.

(Tr. 20).

The ALJ detailed the symptoms Plaintiff testified to having and the symptoms reflected in the record. Although Plaintiff asserts that the ALJ failed to properly consider all of the medical evidence of record, the ALJ's decision reveals he properly considered the medical evidence in his determination of Plaintiff's Residual Functional Capacity (hereinafter "RFC"). The ALJ noted Plaintiff's physical and mental impairments, but found these conditions did not prevent Plaintiff from performing light work activity with specific limitations. (Tr.18-19).

Plaintiff states that the "record reflects an individual with a severe anxiety impairment and panic attacks which were never fully controlled with prescribed medications." (Doc. 11). The record however indicates that Plaintiff's panic attacks and anxiety are not as severe as his testimony alleges. For example, in January 2006, an evaluation of Plaintiff showed that he had panic attacks but that medications helped. (Tr. 241). In June 2006, Plaintiff reported that he had mild incidents of panic attacks, but had learned to handle the episodes by monitoring his breathing and relaxing. (Tr. 235). Again, in September 2006, Plaintiff's panic attacks were reportedly under reasonable control. (Tr. 221). During an examination in July 2007, Plaintiff's mood was determined to be appropriate. (Tr. 490). Furthermore, a psychiatric review determined that Plaintiff's panic attacks and anxiety did not cause a limitation that satisfied the functional criterion, and a Mental Residual Functional Capacity Assessment found that Plaintiff was overall not significantly limited. (Tr. 528, 532-534). As such, the ALJ relied on substantial evidence to determine Plaintiff was not credible.

Plaintiff also alleges that the ALJ did not discuss a letter from Plaintiff's supervisor, which bears on the credibility determination. The letter written by Plaintiff's supervisor states that Plaintiff "has required unplanned and unscheduled breaks in order to recover from some anxiety or panic attack problems." (Tr. 207). While the ALJ did not explicitly state that he relied on the letter in his decision, the ALJ discussed the evidence during the hearing. (Tr. 29). Additionally, the ALJ implicitly relied on the letter by including the need for unscheduled breaks in the RFC. (Tr. 18); *see Kemp v. Astrue*, 308 Fed. Appx. 423, 426 (11th Cir. 2009) (determining the ALJ may make implicit findings). Further, the ALJ is not required to discuss every piece of evidence when making his credibility determination. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Plaintiff further maintains that the ALJ did not discuss Plaintiff's tinnitus, which "bears directly on the credibility issue[.]" (Doc. 11). At the ALJ hearing, Plaintiff testified that he has a "ringing in [his] ears[.]" (Tr. 40). The record indicates that Dr. Richard Elliott, a doctor at the Psychiatry Clinic with the Medical Center of Georgia, made a note that Plaintiff had tinnitus. (Tr. 602). However, there is no evidence that the tinnitus caused any functional limitations. Additionally, when asked by the ALJ why he was unable to work, Plaintiff responded that it was because of the panic attacks and dizzy spells. (Tr. 33). Plaintiff did not state that he could not work because of the tinnitus, but, during his testimony, merely mentioned he experienced ringing in his ears.

It is not the role of the Court to reweigh the evidence of record, but only to determine whether the ALJ's decision is supported by substantial evidence. *Crawford v. Comm'r. of Social Security*, 363 F.3d 1155, 1159 (11th Cir. 2004); *Barnes v. Sullivan*, 932 F.2d 1356,1358 (11th Cir. 1991). Thus, the ALJ adequately considered the Plaintiff's subjective accounts of

symptoms and physical limitations, and did so pursuant to the governing rulings and regulations, specifically Social Security Ruling 96-7p. The ALJ also provided adequate and specific reasons for discrediting Plaintiff's subjective accounts, relying on the objective medical evidence that conflicted with Plaintiff's allegations of a disabling impairment. As the ALJ relied on the objective medical evidence in determining Plaintiff's credibility, the ALJ did not commit reversible error.

*Vocational Expert's Testimony*

Plaintiff asserts that the ALJ committed error when he failed to discuss two of the vocational expert's (hereinafter "VE") responses during the VE's testimony regarding unscheduled breaks and maintaining competitive production standards. (Doc. 11). Plaintiff states that the evidence shows Plaintiff required unscheduled breaks, and as such, the VE's responses should be included in the findings. However, Plaintiff fails to provide any legal or factual authority to support his assertion.

As discussed above, the letter from Plaintiff's supervisor only states Plaintiff takes unscheduled breaks, and states that the breaks "vary from day to day." (Tr. 207). Plaintiff testified that he takes a break for twenty (20) to twenty-five (25) minutes. (Tr. 29). After examining the record as a whole, the ALJ determined Plaintiff would need to take one unscheduled break of fifteen minutes on an average of once per day. (Tr. 18). Thus, the ALJ determined that the evidence did not support more than one break per day and was not required to discuss the hypothetical questions that asked about additional breaks or the inability to keep pace at work. *See Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("the ALJ [is] not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported). Additionally, the ALJ is not required to discuss every

7

response made by the VE in his findings. *See Dyer*, 395 F.3d at 1210 (finding the ALJ is not required to discuss every piece of evidence). As the ALJ's findings regarding the VE's testimony were supported by substantial evidence, the ALJ did not err when he did not discuss two specific responses by the VE.

## CONCLUSION

As the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, the Commissioner's decision is hereby **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 14th day of June, 2011.

s/ ***THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

llf